**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KYLE KATICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE No.: 3:14-cv-303-MEF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | (WO-Do Not Publish) |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kyle Katich ("Plaintiff" or "Katich") brings this action against Defendant United States of America ("Defendant" or "United States") alleging negligence in the operation of a motor vehicle. This cause is before the Court on the Motion to Dismiss (Doc. # 4) filed by the United States for lack of subject-matter jurisdiction. After reviewing the submissions of the parties, the Court finds that, for the reasons set forth below, the motion is due to be GRANTED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On August 20, 2013, Katich was involved in an automobile accident with Army Reserve Specialist, Oliver Wright ("Wright"). At the time of the accident, Wright was performing military duties by driving an army truck. The United States Attorney later certified that Wright was acting within the scope of his employment at the time of the accident.

Katich filed suit in Lee County, Alabama Small Claims Court on October 28, 2013,

claiming $3,000 in damages. The District Court of Lee County held a bench trial on the matter on March 4, 2014, and awarded the amount of $1,210.00 plus costs against Wright. Wright then filed a timely notice of appeal to the state circuit court. However, on April 24, 2014, the United States submitted a notice of removal and substitution.

Pursuant to 28 U.S.C. § 2679(d)(2), the United States Attorney for the Middle District of Alabama certified that Wright was acting within the scope of his federal employment at the time of the incident out of which Katich's claims arose, thereby establishing removal jurisdiction in this Court and making substitution proper.[1] The United States then filed this motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction. Specifically, the United States claims that this Court lacks jurisdiction because Katich failed to comply with the Federal Tort Claims Act ("FTCA") by not first presenting a claim to the appropriate federal agency (the Department of the Army), and Katich thus failed to exhaust the FTCA's administrative remedies. The arguments presented to the Court are addressed below.

## II. STANDARD OF REVIEW

A defendant can file a motion to dismiss to contest a federal court's subject-matter jurisdiction over a claim. Fed. R. Civ. P. 12(b)(1). These motions come in two varieties: (1)

---

[1] 28 U.S.C. § 2679(d)(1) instructs that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim . . . shall be deemed to be an action or proceeding brought against the United States . . . , and the United States shall be substituted as the party defendant."

claiming $3,000 in damages. The District Court of Lee County held a bench trial on the matter on March 4, 2014, and awarded the amount of $1,210.00 plus costs against Wright. Wright then filed a timely notice of appeal to the state circuit court. However, on April 24, 2014, the United States submitted a notice of removal and substitution.

Pursuant to 28 U.S.C. § 2679(d)(2), the United States Attorney for the Middle District of Alabama certified that Wright was acting within the scope of his federal employment at the time of the incident out of which Katich's claims arose, thereby establishing removal jurisdiction in this Court and making substitution proper.[1] The United States then filed this motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction. Specifically, the United States claims that this Court lacks jurisdiction because Katich failed to comply with the Federal Tort Claims Act ("FTCA") by not first presenting a claim to the appropriate federal agency (the Department of the Army), and Katich thus failed to exhaust the FTCA's administrative remedies. The arguments presented to the Court are addressed below.

## II. STANDARD OF REVIEW

A defendant can file a motion to dismiss to contest a federal court's subject-matter jurisdiction over a claim. Fed. R. Civ. P. 12(b)(1). These motions come in two varieties: (1)

---

[1] 28 U.S.C. § 2679(d)(1) instructs that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim . . . shall be deemed to be an action or proceeding brought against the United States . . . , and the United States shall be substituted as the party defendant."

attacking subject-matter jurisdiction on the face of the complaint, and (2) using extrinsic evidence to launch a factual attack on jurisdiction. *See Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003). A court deciding a facial attack to subject-matter jurisdiction has to accept all well-pled factual allegations as true, viewing them in the light most favorable to the plaintiff. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1250 (11th Cir. 2007). In other words, the court merely looks to "see if the plaintiff has sufficiently alleged a basis of subject-matter jurisdiction." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). If the court lacks statutory or constitutional power to hear the claim, it must dismiss it for lack of subject-matter jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

### III. DISCUSSION

The United States, in its Motion to Dismiss, contends that, pursuant to Federal Rule of Civil Procedure 12(b)(1), this Court lacks subject-matter jurisdiction over the litigation because Katich filed his suit before exhausting all of his possible administrative remedies as required by the FTCA. The FTCA provides that "an action shall not be instituted upon a claim against the United States for money damages unless the claimant has first exhausted his administrative remedies." *McNeil v. United States*, 508 U.S. 106, 107 (1993). These administrative requirements cannot be waived. *See Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1237 (11th Cir. 2002). When a litigant brings a suit before exhausting available administrative remedies, "the federal court is powerless to act." *Johnson v. Harrison*, 2007

WL 748479, at *3 (M.D. Ala. Mar. 8, 2007).

The Supreme Court held in *McNeil v. United States* that "Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil*, 508 U.S. at 112. The "judicial process" includes "all suits against the United States, including those originating in state court against defendants yet to be formally replaced by the United States." *Celestine v. Mount Vernon Neighborhood Health Cnt.*, 403 F.3d 76, 83 (2d Cir. 2005). The Court also stated in *McNeil* that "[t]he interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command." *McNeil*, 508 U.S. at 112. Further, the statutory text is not a "trap for the unwary," primarily because "the risk that a lawyer will be unable to understand the exhaustion requirement is virtually nonexistent." *Id*. at 112–13.

It is uncontested that Katich did not exhaust administrative remedies through the Department of the Army before filing his suit in state court. It is also unclear from the record whether Katich knew Wright was in the Army and serving in his official capacity at the time of the accident, thus allowing the United States to substitute itself for Wright at a later date. However, the law requires that all suits, including those in state court and against defendants who are yet to be formally replaced by the United States, must not be filed until administrative-exhaustion requirements have been satisfied. Katich does not contest that he failed to comply with this prerequisite.

The Court recognizes that Katich may experience some burden by being forced to go

through procedures to seek an administrative remedy, and then (assuming no remedy is provided) refiling his case in this Court. But the Supreme Court of the United States has held that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980). And while Katich may be a pro se litigant and not a trained attorney, the application of the law remains the same, and Katich is still provided with an opportunity to pursue these avenues in adherence with the FTCA.

### IV. CONCLUSION

Based on the foregoing, it is hereby ORDERED that Defendant United States's Motion to Dismiss (Doc. #2) is GRANTED and Plaintiff Kyle Katich's claims against the United States are DISMISSED WITHOUT PREJUDICE.

Done this the 20th day of June, 2014.

                                                /s/ Mark E. Fuller
                                    UNITED STATES DISTRICT JUDGE